# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>OI BRASIL HOLDINGS<br>COÖPERATIEF U.A., | Civil Action No. 18-cv-3147 (VSB) |
| AURELIUS CAPITAL<br>MANAGEMENT, LP,<br><br>      Appellant,<br><br> v.<br><br>OI S.A., *et al.*,<br><br>      Appellees | On Appeal from Decisions and<br>Order of the United States<br>Bankruptcy Court for the Southern<br>District of New York<br><br>Case No. 17-11888 (SHL) |
| In re<br><br>OI BRASIL HOLDINGS<br>COÖPERATIEF U.A.,<br><br>  Debtor in a Foreign Proceeding. | Civil Action No. 18-cv-3166 (VSB) |
| AURELIUS CAPITAL<br>MANAGEMENT, LP,<br><br>      Appellant,<br><br> -v-<br><br>OI S.A., *et al.*,<br><br>      Appellees | On Appeal from Decisions and<br>Order of the United States<br>Bankruptcy Court for the Southern<br>District of New York<br><br>Case No. 16-11794 (SHL) |

| | |
|---|---|
| In re<br><br>OI S.A.,<br><br>        Debtor in a Foreign Proceeding. | Civil Action No. 18-cv-3178 (VSB) |
| AURELIUS CAPITAL<br>MANAGEMENT, LP,<br><br>                Appellant,<br><br>     -v-<br><br>OI S.A., *et al.*,<br><br>                Appellees | On Appeal from Decisions and Order of the United States Bankruptcy Court for the Southern District of New York<br><br>Case No. 16-11791 (SHL) |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS APPEALS

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................1
PRELIMINARY STATEMENT ...............................................................2
BACKGROUND ...................................................................................3
    A.    The RJ Proceeding and the Chapter 15 Cases....................3
    B.    Commencement of the Dutch Proceeding............................4
    C.    The Decisions and Order Below .........................................5
    D.    The Filing of Appeals.........................................................5
    E.    Consummation of the RJ Plan and Termination of the Dutch Proceeding ......................................................................6
    F.    Dismissal of Appeals of Mr. Berkenbosch and the IBC ......9
    G.    Second Circuit Dismissal of the Appeals as Moot..............10
ARGUMENT .......................................................................................11
    A.    The Second Circuit Recognized These Appeals are Moot ..............11
    B.    These Appeals Are Moot....................................................12
    C.    "Capable of Repetition, Yet Evading Review" Exception is Inapplicable ...................................................................14
    D.    These Appeals Are Equitably Moot ...................................17
CONCLUSION ....................................................................................21

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allstate Ins. Co. v. Hughes*, 174 B.R. 884 (S.D.N.Y. 1994)........................18, 19, 20

*Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268 (S.D.N.Y. 1996) ......................19

*Beeman v. BGI Creditors' Liquidating Tr. (In re BGI Inc.)*, 772 F.3d
    102 (2d Cir. 2014)...................................................................................................3

*Capital Communs. Fed. Credit Union v. Boodrow (In re Boodrow)*,
    126 F.3d 43 (2d Cir. 1997) ................................................................................11

*Chateaugay Corp. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d
    944 (2d Cir. 1993)...................................................................................19, 20, 21

*Church of Scientology of Cal. v. U.S.*, 506 U.S. 9 (1992) ......................................11

*Cook v. Colgate Univ.*, 992 F.2d 17 (2d Cir. 1993).....................................................2

*Deutsche Bank AG, London Branch v. Metromedia Fiber Network,
    Inc. (In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136 (2d Cir.
    2005) ....................................................................................................................17

*Doremus v. Bd. of Educ.*, 342 U.S. 429 (1952) .......................................................12

*Fox v. Bd. of Trs. of the State Univ.*, 42 F.3d 135 (2d Cir. 1994) ....................11, 12

*Freedom Party v. N.Y. State Bd. of Elections*, 77 F.3d 660 (2d Cir.
    1996) ...................................................................................................................15

*Freeman v. Journal Register Co.*, 452 B.R. 367 (S.D.N.Y. 2010).........................19

*Hicks v. Lacy*, No. 99 CIV. 4523, 2003 U.S. Dist. LEXIS 17246
    (S.D.N.Y. Sept. 9, 2003)....................................................................................12

*In re Bear Stearns High-Grade Structured Credit Strategies Master
    Fund, Ltd.*, 374 B.R. 122 (Bankr. S.D.N.Y. 2007)...........................................13

*In re Chateaugay Corp.*, 988 F.2d 322 (2d Cir. 1993) ...........................................17

*In re Kurtzman*, 194 F.3d 54 (2d Cir. 1999)............................................................15

ii

*In re Ocean Rig UDW Inc.*, 585 B.R. 31 (S.D.N.Y 2018)......................15, 17, 18, 19

*In re Oi S.A.*, 587 B.R. 253 (Bankr. S.D.N.Y. 2016)...............................................20

*In re Pan Am Corp.*, No. 94 CIV. 8093, 1995 WL 366356 (S.D.N.Y.
    June 20, 1995) ............................................................................................15, 16

*Kenton Cty. Bondholders Comm. v. Delta Air Lines, Inc. (In re Delta
    Air Lines, Inc.)*, 374 B.R. 516 (S.D.N.Y. 2007) .................................................19

*Lora v. O'Heaney*, 602 F.3d 106 (2d Cir. 2010) .....................................................14

*Mills v. Green*, 159 U.S. 651 (1895) .......................................................................11

*Murphy v. Hunt*, 455 U.S. 478 (1982) .....................................................................11

*SEC v. Med. Comm. for Human Rights*, 404 U.S. 403 (1972) ................................16

*S. St. Seaport Ltd. P'ship. v. Burger Boys (In re Burger Boys)*, 94 F.3d
    755 (2d Cir. 1996) ..............................................................................................11

*Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3 (2d
    Cir. 1996) (per curiam) ................................................................................15, 16

*Westmoreland v. Nat'l Transp. Safety Bd.*, 833 F.2d 1461 (11th Cir.
    1987) ...................................................................................................................16

*Witzke v. Brewer*, 849 F.3d 338 (6th Cir. 2017) .....................................................16

## STATUTES AND RULES

11 U.S.C. § 101 ................................................................................................2, 14

11 U.S.C. § 1501 ....................................................................................................18

11 U.S.C. § 1502 ....................................................................................................13

11 U.S.C. § 1507 ....................................................................................................20

11 U.S.C. § 1515 ...............................................................................................12, 13

11 U.S.C. § 1517 ..................................................................................................2, 13

11 U.S.C. § 1521 ....................................................................................................20

## MISCELLANEOUS

Fed. R. Bankr. P. 8007 ........................................................................................15

Fed. R. Bankr. P. 8013 ..........................................................................................1

U.S. Const. Article III, § 2 .....................................................................................2

## **INTRODUCTION**

Appellees Oi S.A. ("**Oi**") and Antonio Reinaldo Rabelo Filho, as foreign representative of the RJ Proceeding (as defined below) (the "**Foreign Representative**" and together with Oi, "**Appellees**"), by and through their undersigned counsel, and pursuant to Rule 8013 of the Federal Rules of Bankruptcy Procedure, respectfully submit this memorandum of law (this "**Memorandum of Law**") in support of their motion (the "**Motion**") seeking to dismiss with prejudice the above-captioned appeals (the "**Appeals**") initiated by Aurelius Capital Management, LP, on behalf of entities managed by it ("**Appellant**"), from (i) the *Post-Trial Memorandum of Decision* [ECF 174] (the "**Decision**"), (ii) the *Order and Final Judgment Denying the Dutch Verified Petition and Motion* [ECF 179] (the "**Order**"), and (iii) the *Memorandum Decision and Order Denying Motion for Reconsideration* [ECF 200] (the "**Reconsideration Decision**") (collectively, the "**Appealed Orders**"), of the Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), with the parties to bear their own costs and attorneys' fees incurred in connection with the Appeals. In further support of the Motion, Appellees rely upon the *Declaration of Antonio Reinaldo Rabelo Filho in Support of Appellees' Motion to Dismiss* (the "**Rabelo**

**Declaration**") filed contemporaneously herewith.[1]

<h2 style="text-align:center"><u>PRELIMINARY STATEMENT</u>[2]</h2>

1.      The Constitution limits federal court jurisdiction to actual cases and controversies. U.S. Const. art. III, §2, cl. 1. "When it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress [an] injury[,]" a previously live case is rendered moot. *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) (quotations and citation omitted). Appellant asks this Court for relief that is impossible to award. At issue in these Appeals is whether the Bankruptcy Court erred in denying Mr. Berkenbosch's petition for recognition of the Dutch Proceeding and correctly declined to exercise its discretion under section 1517(d) to modify or terminate the U.S. Recognition Order.[3] The predicate for the applications that were denied in the Appealed Orders was the pendency of the Dutch Proceeding, which has now concluded. For this reason, the Second Circuit dismissed Appellant's petitions for direct appeal as moot. The only reason for the Second Circuit to dismiss Appellant's petitions for direct appeal as moot is because

---

[1]      Mr. Rabelo replaced Mr. Ojas Shah as Foreign Representative on July 18, 2017. ECF 79. References to "ECF __" are to docket numbers in case number 16-11791. References to "ADD-__" are to the Addendum attached to the *Notice of Motion to Dismiss Appeals* filed contemporaneously herewith containing true and correct copies of the Appealed Orders.

[2]      Capitalized used in the Preliminary Statement have the meanings ascribed to them elsewhere herein.

[3]      Chapter and section references herein refer to chapters and sections of title 11 of the U.S. Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**").

these underlying Appeals are themselves moot. Indeed, even in the absence of the Second Circuit's order, this Court could (and should) recognize the mootness of these Appeals. This is true for a very simple reason: the Dutch Proceeding that stood at the center of the proceedings below no longer exists.

2.      In the alternative, the prudential doctrine of equitable mootness requires dismissal of these Appeals. "[E]ffective relief on appeal becomes impractical, imprudent, and . . . inequitable" when, as here, a restructuring has been substantially completed. *Beeman v. BGI Creditors' Liquidating Tr.* (*In re BGI, Inc.)*, 772 F.3d 102, 107 (2d Cir. 2014) (citations and internal quotations omitted). Here, dismissal is warranted because the RJ Plan has been substantially consummated, rendering it inequitable to the myriad parties in interest who relied on the Appealed Orders and the Bankruptcy Court's subsequent orders giving full force and effect to the now consummated RJ Plan in the United States for these Appeals to proceed.

## BACKGROUND

### A.      The RJ Proceeding and the Chapter 15 Cases

3.      On June 20, 2016, Oi and certain of its affiliates (the "**Oi Group**"), one of Brazil's largest telecommunications service providers, commenced a judicial reorganization (*recuperação judicial*) proceeding (the "**RJ Proceeding**") in the Seventh Business Court of Rio de Janeiro (the "**RJ Court**") under Brazilian

law. ECF 109 ¶¶ 4-5; ADD-16-17.

4.     On June 21, 2016, the Foreign Representative commenced chapter 15 cases (the "**Chapter 15 Cases**") for Oi, Oi Brasil Holdings Coöperatief U.A. ("**Coop**"), and two other affiliates (collectively, the "**Chapter 15 Debtors**"), seeking recognition of the RJ Proceeding as their foreign main proceeding. ADD-17. Following a hearing, the Bankruptcy Court entered an order granting such recognition on July 22, 2016 [ECF 38] (the "**U.S. Recognition Order**").

**B.     Commencement of the Dutch Proceeding**

5.     After commencement of the RJ Proceeding, Appellant (through an affiliate) filed an involuntary bankruptcy petition on June 27, 2016 against Coop with the District Court of Amsterdam ("**Dutch Bankruptcy Court**"). ECF 108 ¶ 14; ECF 110, Ex. N; ADD-21. In response, on August 9, 2016, Coop defensively petitioned for a "suspension of payments" proceeding (the "**Dutch SoP**"). ECF 108 ¶ 14; ADD-25. The Dutch Bankruptcy Court accepted Coop's petition and appointed J.R. Berkenbosch as administrator of the Dutch SoP. *Id.*

6.     After months of pressure from Appellant, Mr. Berkenbosch, together with members of the "International Bondholder Committee" (the "**IBC**") (including Appellant), sought to convert the Dutch SoP to a bankruptcy proceeding in December 2016. ADD 26-27. Appellant's efforts were ultimately successful, resulting in the conversion of the Dutch SoP to a bankruptcy proceeding (the

"**Dutch Proceeding**") and the appointment of Mr. Berkenbosch as trustee. *Id.*

**C.      The Decisions and Order Below**

7.      With funding and support from the IBC, Mr. Berkenbosch commenced a competing chapter 15 proceeding on July 7, 2017 requesting that the Bankruptcy Court terminate the U.S. Recognition Order with respect to Coop and recognize the Dutch Proceeding as Coop's foreign main proceeding. ECFs 69, 89; ADD-3, 33. After a four day trial, on December 4, 2017, the Bankruptcy Court issued the Decision, denying the competing petition and declining to terminate the U.S. Recognition Order for various reasons, including due to certain actions of Appellant. ADD-1-120. The Bankruptcy Court entered final judgment on December 26, 2017. ADD-121-22.

8.      Following the Decision, Appellant filed a motion seeking, in summary, to strike aspects of the Decision relating to Appellant's actions. ECF 184. Appellant argued that the Bankruptcy Court misconstrued the trial record and evidence, and offered new declaratory evidence to justify its motion. *Id.* ¶ 8; ADD-125. On March 14, 2018, the Bankruptcy Court issued the Reconsideration Decision denying Appellant's motion. ADD-123-39.

**D.      The Filing of Appeals**

9.      Prior to the Reconsideration Decision, Mr. Berkenbosch and the IBC filed notices of appeal from the Decision and the Order, ECFs 181, 186, and

requests for certification of direct appeal to the Second Circuit, ECFs 195, 196.

Appellant joined these direct certifications motions on March 23, 2018, requesting

that the Bankruptcy Court also certify the Reconsideration Decision for direct

appeal, ECF 206, and, on March 28, 2018, Appellant filed its own notice of appeal

from the Appealed Orders, ECF 208.

10.    The Bankruptcy Court certified the Appealed Orders for direct appeal

to the Second Circuit on April 13, 2018 [ECF 227].[4] On May 14, 2018, Mr.

Berkenbosch and the IBC filed joint petitions for direct appeal to the Second

Circuit,[5] and Appellant filed substantially similar petitions on the same date.[6] Mr.

Berkenbosch, the IBC, and Appellant requested, by a joint letter dated May 22,

2018, a stay of the proceedings before this Court pending a ruling from the Second

Circuit on their petitions,[7] which this Court granted on May 23, 2018.[8]

## E.    Consummation of the RJ Plan and Termination of the Dutch Proceeding

11.    After extensive negotiations with key stakeholders, including

Appellant, the Oi Group filed a reorganization plan with the RJ Court on

---

[4]    Rabelo Decl. ¶ 6; *id.*, Ex. A.

[5]    *Id.* ¶ 6; *id.*, Ex. B.

[6]    *Id.* ¶ 6; *id.*, Ex. C.

[7]    *Id.* ¶ 6; *id.*, Ex. D.

[8]    *Id.* ¶ 6; *id.*, Ex. E.

December 12, 2017.[9] Creditors approved the plan (the "**RJ Plan**")[10] at a General Creditors Meeting in Brazil held on December 19 and 20, 2017, and the RJ Plan was confirmed, with certain modifications, by the RJ Court on January 8, 2017 (the "**Brazilian Order**").[11] Appellant voted in favor of the RJ Plan. ECF 184 ¶ 2. By operation of the RJ Plan and the Brazilian Order, claims against the Oi Group were discharged under Brazilian law and creditors became entitled to receive the recoveries set forth in the RJ Plan in exchange for their prepetition claims.[12]

12.    The RJ Plan provides for the issuance of new debt and warrants to holders of prepetition funded-debt claims, a capital increase paid for by converting certain bond claims to equity (the "**Capital Increase**"), and a rights offering to raise R$4 billion backstopped by various creditors, including Appellant (the "**Rights Offering**").[13]

13.    Given the global nature of the Oi Group's restructuring, following

---

[9]    *See* Rabelo Decl. ¶ 7.

[10]    A copy of the RJ Plan and its certified English translation is attached as Exhibit A to the *Declaration of Antonio Reinaldo Rabelo Filho Pursuant to 28 U.S.C. § 1746 in Support of Motion for Order Granting Relief Pursuant to 11 U.S.C. §§ 105(a), 1145, 1507(a), and 1525(a) to (I) Enforce the Brazilian Reorganization Plan and (II) Grant Related Relief*, *In re Oi S.A., et al.*, Case No. 16-11791, ¶ 31 (Bankr. S.D.N.Y. Apr. 17, 2018 [ECF 230] (the "**FFE Declaration**"), Rabelo Decl., Ex. H.

[11]    Rabelo Decl. ¶ 7. A copy of the Brazilian Order from and its certified English translation is attached as Exhibit C to the FFE Declaration.

[12]    *See* Rabelo Decl. ¶ 7.

[13]    *See id.* ¶ 8.

confirmation of the RJ Plan, the Oi Group sought various relief from courts outside of Brazil including, among other things, court orders (a) in the Chapter 15 Cases, giving full force and effect to the RJ Plan and the Brazilian Order in the United States and granting related relief to implement the RJ Plan, and (b) in the Dutch Proceeding, confirming a composition plan for Coop materially consistent with the RJ Plan.[14]

14.     The Foreign Representative filed a motion on April 17, 2018 [ECF 232] requesting enforcement of the RJ Plan and the Brazilian Order in the United States and certain related relief,[15] which the Bankruptcy Court granted by entering an order on June 15, 2018 [ECF 277] (the "**FFE Order**") and a related decision on July 9, 2018 [ECF 280] (the "**FFE Decision**").[16] Appellant did not object to entry of the FFE Order or the FFE Decision, no appeals were taken from those orders, and they are now final.[17]

15.     In Holland, Coop presented its composition plan in the Dutch Proceeding on April 10, 2018 (the "**Dutch Composition Plan**"), which was approved by creditors on June 1, 2018 and by the Dutch Bankruptcy Court on June

---

[14]     *See id.* ¶ 9.

[15]     *Id.* ¶ 10; *id.*, Ex. G.

[16]     *Id.* ¶ 10; *id.,* Exs. I and J.

[17]     *Id.* ¶ 10.

11, 2018.[18] Because no appeals were taken from such approval, the Dutch Composition Plan took effect and, as a result, Coop's Dutch Proceeding terminated by operation of Dutch law and Mr. Berkenbosch was discharged as trustee.[19]

16.    Further, since the date the Appeals were filed, the Oi Group consummated the Capital Increase, resulting in the issuance of in excess of 1.5 billion shares of Oi, issued more than $1.6 billion in new bond debt, issued warrants, substantially all of which have now been exercised and converted into equity of Oi, and consummated the Rights Offering resulting in the issuance of approximately 3.225 billion additional shares of Oi equity.[20] In addition, certain backstop investors, including members of the steering committee of an ad hoc group of Oi bondholders, were issued more than 272 million additional new common shares in a private placement in consideration for performance of their obligations under the backstop agreement contemplated by the RJ Plan.[21] Accordingly, the Oi Group's restructuring has been substantially completed.[22]

## F.    Dismissal of Appeals of Mr. Berkenbosch and the IBC

17.    Following the conclusion of Coop's Dutch Proceeding, Mr. Berkenbosch submitted motions to withdraw from his joint petitions with the IBC

---

[18]    *See id.* ¶ 11.

[19]    *See id.*

[20]    *Id.* ¶ 12.

[21]    *Id.*

[22]    *Id.*

for direct appeal to the Second Circuit and a letter motion with this Court to dismiss his appeals.[23] Those requests were granted by the Second Circuit and this Court on July 31, 2018.[24] The IBC then submitted motions to voluntarily dismiss the joint petitions to the Second Circuit and a joint motion with Appellees to dismiss its appeals with this Court.[25] Those requests were granted by the Second Circuit and this Court on September 13 and 17, 2018, respectively.[26] Appellant is now the sole appellant.[27]

**G.   Second Circuit Dismissal of the Appeals as Moot**

18.   On August 8, 2018, the Second Circuit directed Appellant to show cause why Appellant's petitions for direct appeal were not rendered moot by the conclusion of the Dutch Proceeding.[28] Appellant submitted its response on August 22, 2018.[29] After considering Appellant's response, the Second Circuit dismissed Appellant's petitions as moot on January 24, 2019.[30]

19.   On January 29, 2019, this Court entered an agreed schedule for resolving the parties' dispute over whether these Appeals should be dismissed as

---

[23]   Rabelo Decl. ¶ 13; *id.*, <u>Exs. L</u> and <u>M</u>.

[24]   *Id.* ¶ 13; *id.*, <u>Exs. N</u> and <u>O</u>.

[25]   *Id.* ¶ 13; *id.*, <u>Exs. P</u> and <u>Q</u>.

[26]   *Id.* ¶ 13; *id.*, <u>Exs. R</u> and <u>S</u>.

[27]   *Id.* ¶ 13.

[28]   Rabelo Decl. ¶ 14; *id.*, <u>Ex. T</u>.

[29]   *Id.* ¶ 14; *id.*, <u>Ex. U</u> ("**OSC Response**").

[30]   *Id.* ¶ 14 ; *id.*, <u>Ex. V</u>.

moot.[31] The Motion is filed pursuant to that schedule.

## ARGUMENT

### A.    The Second Circuit Recognized These Appeals are Moot

20.    The Second Circuit's dismissal of the petitions for direct appeal clearly turned on the mootness of these Appeals. Indeed, Appellant's response to the order to show cause focused entirely on why, in Appellant's view, these *Appeals* are not moot, rather than on its petitions for direct appeal.[32]

21.    Moreover, the controlling authority cited by the Second Circuit, *Capital Communs. Fed. Credit Union v. Boodrow* (*In re Boodrow)*, 126 F.3d 43 (2d Cir. 1997), shows that the Second Circuit views these *Appeals* as moot. In *Boodrow*, the Second Circuit considered whether it should reach the merits of the subject appeal itself, and the case law cited by the *Boodrow* court also addressed the mootness of appeals, not whether petitions for direct appeal were moot. *Boodrow*, 126 F.3d at 46-47 ("We thus conclude that the case is not moot and turn to the merits of *the appeal*" (emphasis added)) (citing *Church of Scientology of Cal. v. U.S.*, 506 U.S. 9, 17 (1992); *Murphy v. Hunt*, 455 U.S. 478, 484 (1982); *Mills v. Green*, 159 U.S. 651, 658 (1895); *S. St. Seaport Ltd. P'ship. v. Burger Boys (In re Burger Boys)*, 94 F.3d 755, 759 (2d Cir. 1996); *Fox v. Bd. of Trs. of the*

---

[31]    *Id.* ¶ 15; *id.*, Ex. W.

[32]    *See, e.g.*, OSC Response at 2-3 ("[T]he Court should refrain from dismissing *these appeals* as moot."), 15 ("If the Court determines *these appeals* are moot . . . .") (emphasis in each case added).

*State Univ.*, 42 F.3d 135, 140 (2d Cir. 1994). Accordingly, the Second Circuit's ruling requires dismissal of these Appeals as moot.

**B.     These Appeals Are Moot**

22.     Even if not required by the Second Circuit's ruling, this Court should still dismiss these Appeals as moot. Where an appellate court cannot vindicate rights the appellant previously had, an appeal is moot. *Doremus v. Bd. of Educ.*, 342 U.S. 429, 432-33 (1952) (dismissing appeal as moot because "no decision [the Court] could render now would protect any rights she may once have had, and th[e] Court does not sit to decide arguments after events have put them to rest.").[33] The essential predicates to the relief denied in the Appealed Orders—the existence of the Dutch Proceeding and Mr. Berkenbosch as the foreign representative of that proceeding—no longer exist. As a result, this Court has no remedial powers to relieve Appellant from the effect of the Appealed Orders and the Appeals have "been put to rest" by the conclusion of the Dutch Proceeding. *Doremus*, 342 U.S. at 433.

23.     Section 1515 provides that a "foreign representative applies to the court for recognition of a foreign proceeding in which the foreign representative has been appointed by filing a petition for recognition." 11 U.S.C. §1515(a). Thus,

---

[33]     S*ee also, e.g.*, *Hicks v. Lacy*, No. 99 CIV. 4523, No. 00 Civ. 2307, 2003 U.S. Dist. LEXIS 17246, at *32-36 (S.D.N.Y. Sept. 9, 2003) (denying habeas petition as moot because petitioner was no longer incarcerated).

in order for a petition for recognition to be entertained, it must be filed and prosecuted by a "foreign representative" of a "foreign proceeding." Where there is no "foreign representative" or no "foreign proceeding," the requirements for recognition cannot be met. *See* 11 U.S.C. § 1517(a) (providing that an order recognizing a foreign proceeding shall be entered if the proceeding is a foreign main or foreign nonmain proceeding, there is a foreign representative that is a person or body, and the petition meets the requirements of section 1515); 11 U.S.C. § 1515(b) (requiring evidence of the pendency of a foreign proceeding and the appointment of the foreign representative). Further, section 1517 provides that bankruptcy courts may only recognize a "foreign proceeding" that is a foreign main or foreign nonmain proceeding, and if the proceeding in respect of which recognition is sought fails to qualify for either, recognition must be denied. *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122, 132 (Bankr. S.D.N.Y. 2007). To qualify as a foreign main or nonmain proceeding, a foreign proceeding must be "pending." *See* 11 U.S.C. §1502(4) ("'foreign main proceeding' means a foreign proceeding *pending* in the country where the debtor has the center of its main interests" (emphasis added)); 11 U.S.C. §1502(5) ("'foreign nonmain proceeding' means a foreign proceeding . . . *pending* in a country where the debtor has an establishment") (emphasis added)).

24.    Here, Coop's Dutch Proceeding was terminated by operation of Dutch

law. *See infra* ¶ 15. As such, the Dutch Proceeding may not be recognized under chapter 15 because it is no longer pending. Nor is there any foreign representative, as Mr. Berkenbosch was also discharged as trustee. *Id.*; *see also* 11 U.S.C. § 101(24) (defining a "foreign representative" as "a person or body . . . authorized *in a foreign proceeding* to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding" (emphasis added)). Accordingly, it is impossible to grant Appellant the relief it seeks in the Appeals, and they must therefore be dismissed as moot.[34]

## C. "Capable of Repetition, Yet Evading Review" Exception is Inapplicable

25.    In its OSC Response, Appellant argued that its Appeals were not moot by invoking the narrow "capable of repetition, yet evading review" exception to the mootness doctrine, which holds that "where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the

---

[34]    For the avoidance of doubt, in addition to the Appeals from the Decision and Order, the Appeals from the Reconsideration Decision are moot as well, as they ask this Court to review a substantive ruling related to the Bankruptcy Court's denial of recognition of the Dutch Proceeding. *See* Reconsideration Decision, ADD-133 & n.2 (concluding that it was necessary and appropriate to consider Appellant's conduct "when deciding *whether to exercise discretion to grant relief under section 1517(d)*" (emphasis added)). As such, this Court is divested of jurisdiction to review all Appeals. *See Lora v. O'Heaney*, 602 F.3d 106 (2d Cir. 2010) (dismissing appeal of reconsideration decision for lack of jurisdiction because it required consideration of issues relating to substantive decision below in respect of which appellate court lacked jurisdiction).

same action again" appellate review may be appropriate notwithstanding that the court could not grant relief to appellant due to intervening events that mooted its rights. *Video Tutorial Servs., Inc. v. MCI Telecomms. Corp.*, 79 F.3d 3, 6-7 (2d Cir. 1996) (per curiam) (quotations and citations omitted). Such exception is inapplicable here.

26.     An appellant cannot satisfy the first prong of the exception where it can, but does not, seek a stay pending appeal. *In re Kurtzman*, 194 F.3d 54, 59 (2d Cir. 1999) ("Because the Trustee has the ability to seek a stay and an expedited appeal, the retention issue presented by this appeal did not inevitably--and, if it arises again, will not inevitably--lapse into mootness prior to review."); *Freedom Party v. N.Y. State Bd. of Elections*, 77 F.3d 660, 663 (2d Cir. 1996); *In re Pan Am Corp.*, No. 94 CIV. 8093, 1995 WL 366356, at *3-4 (S.D.N.Y. June 20, 1995) (quotations and citation omitted). Here, Appellant could have sought, but did not seek, a stay pending appeal from the Appealed Orders. *See* Fed. R. Bankr. P. 8007; *In re Ocean Rig UDW Inc.*, 585 B.R. 31, 39 (S.D.N.Y 2018) (appellant could have sought stay of chapter 15 order pending appeal); *Notice of Motion of Drawbridge Special Opportunities Fund LP to Stay the Court's Recognition Order Pending Appeal, In re Barnet, et al.*, No. 12-13443 (SCC) (Bankr. S.D.N.Y. Oct. 9, 2012), [ECF 29] (exemplary motion seeking stay of chapter 15 recognition order pending appeal). Having failed to seek a stay to preserve the Appeals, Appellant cannot

now argue that they evade review.

27.     Similarly, Appellant cannot satisfy the second prong of the evading review exception. Where, as here, it is a matter of conjecture whether the complaining party will be subject to the same action again, the "evading review" exception does not apply. *See SEC v. Med. Comm. for Human Rights*, 404 U.S. 403, 406 (1972); *see also Witzke v. Brewer*, 849 F.3d 338, 341–342 (6th Cir. 2017) (where potential prospective future harm "speculative," second prong of evading review exception not satisfied); *Westmoreland v. Nat'l Transp. Safety Bd.*, 833 F.2d 1461, 1463 (11th Cir. 1987) (same). It would be pure conjecture whether a court will ever confront the propriety of granting a competing chapter 15 petition filed by an estate fiduciary appointed in a debt issuer's offshore jurisdiction following recognition by a U.S. bankruptcy court of a foreign proceeding in respect of that issuer pending in the home jurisdiction of the issuer's parent. Indeed, even if the issues presented by these Appeals were likely to recur, it would be conjecture whether Appellant and Appellees (who are unlikely to be chapter 15 litigants in the future given that the Oi Group's restructuring has been completed) would be litigants in such a dispute. *See Video Tutorial*, 79 F.3d at 6 (doctrine requires that the "'*same parties* are reasonably likely to find themselves again in dispute over the issues raised in this' appeal" (emphasis added)); *In re Pan Am Corp.*, 1995 WL 366356, at *3-4 (quotations and citation omitted). Moreover,

16

there is no reason why such issues could not be fully litigated in a future case where the issues presented by these Appeals arise again, especially if Appellant took all the necessary steps it failed to take here to preserve its Appeals. Therefore, any attempt by Appellant to invoke the "evading review" doctrine should be rejected.

**D.     These Appeals Are Equitably Moot**

28.     In addition, these Appeals should be dismissed under the doctrine of equitable mootness, which bars challengers to dispositive bankruptcy court orders from "disturbing a reorganization plan once implemented." *Deutsche Bank AG, London Branch v. Metromedia Fiber Network, Inc.* (*In re Metromedia Fiber Network, Inc.)*, 416 F.3d 136, 144 (2d Cir. 2005). An appeal from a bankruptcy court order should be dismissed as equitably moot, even where "effective relief could conceivably be fashioned," when "implementation of that relief would be inequitable." *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993); *see also Metromedia*, 416 F.3d at 145. This Court recently held that equitable mootness, a creature of chapter 11 jurisprudence, also applies in chapter 15 because "[t]he inequity of unwinding a reorganization that has been substantially completed . . . applies equally in the context of foreign reorganizations as it does to domestic ones" and "[r]efusing to recognize foreign bankruptcy proceedings that have been substantially consummated plainly would not promote . . . [the] enumerated

17

objectives of Chapter 15." *Ocean Rig*, 585 B.R. at 40-41 (citing 11 U.S.C. §1501(a)).[35]

29.     In determining whether an appeal is equitably moot, there is a "'strong presumption'" that an appeal of an unstayed order is rendered moot where a reorganization plan has been "substantially consummated." *Ocean Rig*, 585 B.R. at 39 (quoting *Allstate Ins. Co.*, 174 B.R. at 889) (citations omitted).[36] Here, Appellant did not seek a stay of the Appealed Orders pending appeal. *See infra* ¶ 26. Further, in reliance on the FFE Order and the FFE Decision, the parties took all necessary steps to distribute the plan consideration (including new debt, and warrants, substantially all of which have now been exercised) to the Oi Group's creditors, and to consummate the Capital Increase and the Rights Offering providing the new money essential to the Oi Group's turnaround plan. In other words, the RJ Plan has been "substantially consummated" resulting in changed circumstances that create a strong presumption that the Appeals are equitably

---

[35]     At least one court dismissed an appeal of an injunction to enforce a foreign winding up order entered under former section 304, the predecessor statute to chapter 15, on equitable mootness grounds where "comprehensive change of circumstances" rendered granting relief on appeal inequitable and relying on chapter 11 substantial consummation concept as instructive. *Allstate Ins. Co. v. Hughes*, 174 B.R. 884 (S.D.N.Y. 1994).

[36]     In *Ocean Rig*, this Court held that this "strong presumption" existed because "the [chapter 15] debtors' reorganization ha[d] already been *substantially completed*," where the debtors had, among other things, *issued new equity and made distributions* to creditors. 585 B.R. at 40 (emphasis added).

moot.[37]

30.     To avoid dismissal in this situation, Appellant must demonstrate that the relief it seeks would not create inequitable results by establishing that (1) "the court can still order some effective relief," (2) "such relief will not affect the re-emergence of the debtor as a revitalized corporate entity," (3) "such relief will not unravel intricate transactions . . . and create an unmanageable, uncontrollable situation for the Bankruptcy Court," (4) "the parties who would be adversely affected by the modification have notice of the appeal and an opportunity to participate in the proceedings," and (5) Appellant "pursued with diligence all available remedies to obtain a stay of execution of the objectionable order." *Chateaugay Corp. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d 944, 952-53 (2d Cir. 1993) (citations and quotations omitted).

31.     As explained above, reversal of the Appealed Orders is impossible and thus cannot be construed as "effective relief" because on remand the Bankruptcy Court could not grant the petition of a now-discharged foreign representative for recognition of a now-terminated Dutch Proceeding. Further,

---

[37]     Issuance of consideration under a creditor-approved plan is sufficient to show changed circumstances that render an appeal equitably moot. *See, e.g.*, *Ocean Rig*, 585 B.R. at 40; *Freeman v. Journal Register Co.*, 452 B.R. 367, 373 (S.D.N.Y. 2010); *Kenton Cty. Bondholders Comm. v. Delta Air Lines, Inc. (In re Delta Air Lines, Inc.)*, 374 B.R. 516, 523 (S.D.N.Y. 2007); *Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268, 273 (S.D.N.Y. 1996); *Allstate Ins. Co.*, 174 B.R. at 889.

absent the maintenance of the U.S. Recognition Order and the Appealed Orders, the Bankruptcy Court would not have had the statutory authority to grant the relief contained in the FFE Order and the FFE Decision upon which all parties relied in making and receiving the plan distributions, and consummating the other transactions described above. *See* 11 U.S.C. § 1507(a) (permitting the bankruptcy court to grant "additional assistance to a foreign representative" only "if recognition is granted"); 11 U.S.C. § 1521(a) (permitting the bankruptcy court to grant "at the request of the foreign representative, . . . appropriate relief" only "upon recognition of a foreign proceeding"); *see also In re Oi S.A.*, 587 B.R. 253, 263-69 (Bankr. S.D.N.Y. 2018) (analyzing propriety of entering FFE Order under section 1507 and 1521); FFE Order ¶ X (finding that relief granted "available and warranted pursuant to sections . . . 1507(a) [and] 1521(a) . . . ."). As such, granting the Appeals would "call into question the validity of" the FFE Order and the FFE Decision, the RJ Plan and the transactions consummated thereunder, *Allstate*, 174 B.R. at 890, with the potential to "knock the props out from under the authorization for every transaction that has taken place" under the RJ Plan. *Chateaugay*, 10 F.3d at 953. Appellant cannot show that casting such uncertainty on the validity of the Oi Group's restructuring would not result in an "unmanageable, uncontrollable situation" for the RJ Court and the Bankruptcy Court. *Id.* (citations omitted).

32.     Similarly, Appellant cannot show that creditors who received plan

consideration in reliance upon the Appealed Orders, the FFE Order, and the FFE Decision had notice of these Appeals and an opportunity to make their concerns known to this Court. Finally, as noted, Appellant failed to seek a stay of the Appealed Orders, and thus failed to "pursue[] with diligence all available remedies to obtain a stay of execution of the objectionable order[s]." *Id.* (citations omitted). Accordingly, Appellees respectfully submit that these Appeals should be dismissed as equitably moot.

## **CONCLUSION**

For the foregoing reasons, Appellees respectfully urge the Court to dismiss these Appeals with prejudice.

Dated: February 8, 2019
New York, New York

Respectfully submitted,

WHITE & CASE LLP

By:   */s/ Jason N. Zakia*
        Jason N. Zakia

WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 819-8200
John K. Cunningham
J. Christopher Shore
Mark P. Franke

—and—

Southeast Financial Center, Suite 4900
200 South Biscayne Blvd.
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)
Laura L. Femino (admitted *pro hac vice***)**

—and—

227 West Monroe Street, Suite 3900
Chicago, Illinois 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Counsel for Appellees Oi S.A. and Antonio
Reinaldo Rabelo Filho, as Foreign
Representative of the RJ Proceeding*